

THE ATTORNEY GENERAL.

OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL.

November 10, 1965

Honorable Wayne B. Davis       Opinion No. C-542
County Attorney
Goliad County                  Re: If a fine of $1.00 and costs
Goliad, Texas                      is assessed in the Justice
                                   of the Peace Court, how much
Dear Mr. Davis:                    money is to be paid?

This is in response to your recent request for an opinion
of this office concerning the following question:

> "If a fine of $1.00 and costs is assessed
> in the Justice of the Peace Court, how
> much money is to be paid?"

For the purpose of this opinion it is assumed that your
question is directed toward cases involving a violation of
any Penal Statute or of the Uniform Act Regulating Traffic
on Highways. This is assumed because the new Code of Criminal
Procedure for the State of Texas will effect a change in
court costs in Justice of the Peace Courts in these types of
cases.

Article 1068, Vernon's Code of Criminal Procedure pro-
vides as follows:

> "If the defendant pleads guilty to a
> charge before a Justice, the fee allow-
> ed the attorney representing the State
> shall be ten dollars ($10.00). The
> attorney who represents the State in
> a criminal action in a Justice's Court
> shall receive, for each conviction on
> a plea of not guilty, where no appeal
> is taken, fifteen dollars ($15.00)."

On January 1, 1966, the effective date of the new Code
of Criminal Procedure, Article 1068 will have been repealed
by Article 53.03, Code of Criminal Procedure of Texas, 1966.
Said Article provides as follows:

> "The attorney representing the State be-
> fore a Justice Court shall receive no
> fee for his appearance before said Court

-2591-

> in a case involving the violation of
> any Penal Statute or of the Uniform Act
> Regulating Traffic on Highways."

Article 1074, Vernon's Code of Criminal Procedure, provides as follows:

> "In each case of conviction in a County
> Court, or a County Court at law, whether
> by a Jury or by a Court, there shall be
> taxed against the defendant or against
> all defendants, when several are held
> jointly, a trial fee of five dollars
> ($5.00), the same to be collected and
> paid over in the same manner as in the
> case of a jury fee, and in the Justice
> Courts the trial fee shall be the sum
> of five dollars and fifty cents ($5.50)."

As of January 1, 1966, the above quoted Article 1074 will have been repealed by Article 53.06, Code of Criminal Procedure of Texas, 1966. Said Article 53.06 will provide as follows:

> "In each case of conviction in a County
> Court or a County Court at law, whether
> by a Jury or by a clerk, there shall be
> taxed against the defendant or against
> all defendants, when several are held
> jointly, a trial fee of $5.00, the same
> to be collected and paid over in the
> same manner as in the case of a jury fee;
> and there shall be no trial fee allowed
> in a Justice Court in a case involving
> the violation of any Penal Statute or
> of the Uniform Act Regulating Traffic on
> Highways."

In view of the above quoted Articles, it is seen that as of January 1, 1966, there will no longer be any state's attorney fee or trial fee in the Justice Courts, involving the violation of any Penal Statute or of the Uniform Act Regulating Traffic on Highways.

Since the total of these two fees on a plea of guilty formerly was $15.50, and on a plea of not guilty where a conviction was obtained, $20.50, it is the opinion of this office that the above mentioned sums, as of January 1, 1966, may not be assessed as costs in Justice Courts in cases involving the

violation of any Penal Statute or of the Uniform Act Regulating Traffic on Highways.

This is not to say, however, that in no instance may any costs at all be assessed in Justice of the Peace Courts in criminal cases. Article 53.01 of the 1966 Code specifically sets out certain fees for services which, if performed by the sheriff or any other peace officer in a misdemeanor case, are to be taxed against the defendant on conviction. Of course these fees will not be present in every case in Justice of the Peace Courts, but if they are performed, they shall be taxed against the defendant as costs in the case. For example, Article 53.01 (1) provides a fee of three dollars ($3.00) payable to the sheriff for executing a warrant of arrest or capias, or making an arrest without warrant. In the event any one or more of the fees provided for in Article 53.01 are applicable, they shall be taxed as court costs against the defendant in misdemeanor cases in Justice Courts.

It is also pointed out that Article 54.02 (b) of the 1966 Code specifically sets out that Article 1075 of the Code of Criminal Procedure, 1925, is not repealed. This Article provides for a jury fee to be assessed against the defendant in a case tried by a jury in a Justice Court in the event of a conviction.

It is, therefore, impossible to specifically answer your question. If, after January 1, 1966, a fine of $1.00 and costs is assessed in a Justice of the Peace Court, and there have been no costs incurred then only $1.00 will be assessed. However, if some of these costs have been incurred, they shall be assessed against the defendant. However, after the above mentioned date, Articles 53.03 and 53.06 prevent the assessment of trial fees or State's attorneys fees in cases involving the violation of any Penal Statute or of the Uniform Act Regulating Traffic on Highways brought in Justice of the Peace Courts.

Subsequent to your request, another County Attorney requested our opinion as to the constitutionality of Article 53.03. In order to avoid writing another opinion, we will answer his question in this opinion, and send him a copy.

As we are unable to find a constitutional provision that makes it mandatory that the Legislature provide a fee to be allowed the attorney representing the State in criminal cases

in Justice of the Peace Courts, it is our opinion that Article 53.03 is constitutional

## SUMMARY

Articles 53.03 and 53.06, Code of Criminal Procedure of Texas, 1966, abolish trial fees and State's attorneys fees in Justice of the Peace Courts. However, other costs shall be assessed in these types of cases if they have been incurred. Article 53.03 is constitutional.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Sam L. Kelley
Sam L. Kelley
Assistant

SLK/lh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Robert Owen
Tom Routt
Robert Flowers
Harold Kennedy

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright